Thomas A. Aurelio, J.
Defendant moves to vacate and cancel a record judgment in the sum of $1,721.89 entered against him. The judgment is, in fact, a “record” judgment since it is based on defendant’s failure to repay, according to a settlement reached between the parties, moneys he mistakenly received as an overpayment for royalties due on a record he had made for plaintiff’s assignor. Because of a series of errors, made by various of the parties and their attorneys, a comparatively simple case has been ballooned out of all proportion to its real importance. The court is now called upon to exercise its equitable powers to bring the matter to some definitive conclusion.
The facts are briefly as follows: In 1954 plaintiff sent defendant a royalty check for $2,499.75. About four years later, plaintiff discovered a bookkeeping error and demanded a return of $1,987.24 as an overpayment. Defendant refused, claiming legal and tax expenses and that the entire sum had been spent. Plaintiff brought suit and, with the help of Mr. Justice Nathah, the case was settled for $1,375. The settlement provided for payment in two installments, and it gave plaintiff the right to enter judgment for the full amount sued for on any default, after 10 days’ written notice of default to defendant’s attorney. The first installment was duly paid. The final installment was due in October, 1960. Defendant was then out of town on a tour. Plaintiff’s attorney sent a certified notice to defendant’s attorney announcing the default. Defendant’s attorney, in the interim, had moved his offices and, although the letter was signed for by one of his secretaries, defendant’s attorney swears that he never received the notice and, therefore, never informed defendant. Plaintiff thereafter recorded the judgment in question in early November. Late that same month, defendant returned and sent plaintiff a check for the full final instalhnent (still allegedly without knowledge of the judgment). On the face of this check, defendant wrote the words, ‘ ‘ Final payment in full to settle claim re: overpayment of royalties ”. Plaintiff admittedly crossed out these words and cashed the check. Plaintiff’s recent attempted levy on defendant, to enforce the balance of the judgment entered, allegedly put defendant and his attorney on notice, for the first time, of the aforesaid proceedings and the instant motion was brought.
*569 The notice afforded defendant’s attorney of the default was as much as plaintiff was expected to do under the circumstances. A receipt signed by defendant’s attorney himself would have been preferable, but plaintiff was justified in assuming that anyone in the office of defendant’s attorney, who receipted the return request, would forward the letter to the proper party. A telephone call of confirmance would have been helpful herein, but was not essential. Therefore, the judgment was properly entered, but plaintiff’s actions thereafter were not in accordance therewith. Knowing of the outstanding judgment and reading the notation on the check, the plaintiff could not close its eyes to the plain and meaningful words inscribed thereon, nor could the notation be crossed out and the proceeds of the check be appropriated without the incurring of some liability therefor. In the instant case, the plaintiff, by the aforesaid procedure effectively waived its rights to any larger sum as per the entered judgment. As far as the defendant was concerned, he was paying, albeit somewhat tardily, the full final installment which he owed under the settlement agreement. For the plaintiff’s part, it was accepting payment of that full final installment in-lieu of all other claims against the defendant. If this were not so, plaintiff could easily have returned the check undepositod, protested the notation thereon, or notified defendant that the check would be accepted only as a part payment on account of the full judgment. Failing any of these appropriate actions, acceptance of the check constituted a waiver of all rights to the judgment.
Accordingly, and in the interests of justice and as a matter of discretion, the motion to vacate the judgment is granted on the condition that defendant defray the disbursements made by plaintiff’s counsel in entering the judgment, as a willingness to do so is indicated in the affidavit of defendant’s counsel.